[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
On August 24, 1990, the plaintiff, Air One, Inc., filed a seven-count amended complaint against the defendant, United Bank/nka Fleet Bank of Connecticut. The plaintiff alleges in a seven-count amended complaint that three of its employees forged the drawer's signature on plaintiff's corporate checks and defendant paid these checks. Specifically, plaintiff alleges in its amended complaint that defendant's conduct constitutes negligence (Count One), breach of fiduciary duty (Count Two), breach of express and/or implied contract (Count Three), a violation of Conn. Gen. Stats. 42a-3-419 (1) (Count CT Page 1275 Five), conversion (Count Six), and a violation of CUTPA, Conn. Gen. Stats. 42-110(a) et seq. (rev'd to 1989) (Count Seven).
On August 28, 1990, the defendant filed an answer which included nine special defenses. The first special defense alleges that the contract alleged in Count Three is unenforceable and the cause alleged cannot be maintained pursuant to Conn. Gen. Stats. 52-550. The sixth special defense alleges that pursuant to Conn. Gen. Stats 42a-3-405
and 42a-3-414 defendant is relieved of any liability to plaintiff. The eighth special defense alleges that the facts do not support a claim under CUTPA because there is not a pattern or practice of acts that can be proven. The ninth special defense alleges that since the checks paid from the account of the plaintiff were paid to satisfy legitimate and outstanding debts of the plaintiff, these payments are a setoff to plaintiff's damages.
On November 9, 1990, plaintiff filed a motion to strike defendant's first, sixth, eighth and ninth special defenses on the ground that the special defenses are legally insufficient. In the memorandum of law filed in support of the motion to strike, the plaintiff argues that the first special defense should be stricken on the ground that the contract alleged by the plaintiff in the third count is not unenforceable by virtue of the Statute of Frauds. Plaintiff further argues in its memorandum of law that the sixth special defense should be stricken on the ground that Conn. Gen. Stats. 42a-3-405 and42a-3-414 are inapplicable to plaintiff's action. Plaintiff also argues in its memorandum of law that the eighth special defense should be stricken on the ground that the facts do support a claim under CUTPA. Lastly, plaintiff argues in its memorandum that the ninth special defense should be stricken on the ground that Conn. Gen. Stats. 4-401 is absolute in its terms so that it is no defense that any checks paid from plaintiff's account satisfied legitimate debts of the plaintiff.
As required by Conn. Practice Book 155, the defendant timely filed a memorandum in opposition to plaintiff's motion to strike on November 15, 1990.
 II.
A motion to strike tests the legal sufficiency of a pleading including any special defense contained in the answer to a complaint. Conn. Practice Book 152 (rev'd to 1978); Ferryman v. Groton, 212 Conn. 138, 142 (1989). The motion admits all facts well pleaded, but does not admit legal CT Page 1276 conclusions or truth or accuracy of opinions stated in pleadings. Mingachos v. CBS, Inc. 196 Conn. 91, 108 (1985). The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail. Ferryman, 212 Conn. at 142.
Conn. Practice Book 154 provides in relevant part: "Each motion to strike . . . shall distinctly specify the reason or reasons for each such claimed insufficiency." It is found that the defendant's motion to strike fails to comply with Conn. Practice Book 154 because the motion to strike was merely based on the ground that the special defenses are legally insufficient. A motion to strike that does not specify the grounds of insufficiency is fatally defective and the Conn. Practice Book 155 requirement that a motion to strike be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the Conn. Practice Book 1544 requirement. Morris v. Hartford Courant Co., 200 Conn. 676, 683 n. 5 (1986). However, because plaintiff made no objection to the form of defendant's motion to strike and because Conn. Practice Book 154 is not considered jurisdictional in nature, this court may consider the motion to strike in the form presented to the trial court.
 III.
First Special Defense
The plaintiff has moved to strike defendant's first special defense which claims that the contract alleged in the third count of plaintiff's amended complaint is unenforceable under Conn. Gen. Stats. 52-550(a)(5).
Conn. Gen. Stats. 52-550, also known as the Statute of Frauds, provides in part:
 (a) No civil action may be maintained in the following cases unless the agreement or a memorandum of the agreement, is made in writing and signed by the party, or an agent of the party, to be charged. . . .
 (5) upon any agreement that is not to be performed within one year from the making thereof.
CT Page 1277
The Statute of Frauds does not need to be specially pled in defendant's answer. Conn. Practice Book 164 (rev'd to 1978, as updated to October 1, 1989); Bolmer v. Kocet, 6 Conn. App. 595,615 (1986). Although defendant could have raised this issue in a general denial, the defendant's election to plead it as a special defense does not render it legally insufficient, although it does shift the burden of proof to defendant. Conn. Practice Book 164 (rev'd to 1978, as updated to October 1, 1989 ); see Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 237 (1987).
In its memorandum in support of its motion to strike, plaintiff contends: (1) that a written agreement can be found; (2) that the agreement could be completed within one year; and (3) that the doctrine of past performance make the contract enforceable. The plaintiff's contentions constitute a denial of defendant's first special defense and are properly asserted through a reply to the affirmative defense. See Conn. Practice Book 171 (rev'd to 1978, as updated to October 1, 1989).
Therefore, the motion to strike the first special defense is denied because sufficient facts have been pled to render it legally sufficient.
 IV.
Sixth Special Defense
The plaintiff has moved to strike defendant's sixth special defense which alleges that defendant is not liable for any losses alleged in plaintiff's amended complaint by operation of Conn. Gen. Stats. 42a-3-405 and 42a-3-414.
Conn. Gen. Stats. 42a-3-405 is designed to place the risk of loss from a wrongful endorsement on the drawer in limited situations. See Perley v. Glastonbury Bank Trust Co., 170 Conn. 691, 696 (1976). Conn. Gen. Stats. 42a-3-414
sets forth the liability for endorsers. In its memorandum in support of its motion to strike, plaintiff contends that this defense does not conform to its allegations because its amended complaint alleges fraudulent and forged drawer signature, on checks honored by defendant, not endorsements.
Whether the statutes cited by defendant in its sixth affirmative defense forms a valid defense to plaintiff's complaint depends on facts that are unknown at this stage of the lawsuit. In ruling on a motion to strike, the court is limited to the facts alleged in the underlying pleading. Liljedahl Bros. v. Grisby, 215 Conn. 345, 348 (1990). Where CT Page 1278 the legal grounds for such a motion are dependent upon facts not alleged in the underlying pleading, the movant must await evidence which may be addressed at trial, and the motion should be denied. Therefore, the motion to strike the sixth special defense is denied because it is legally sufficient.
 V.
Eighth Special Defense
The plaintiff has moved to strike defendant's eighth special defense which alleges that the facts alleged do not legally support a CUTPA claim in that there is not a pattern or practice of acts that can be proven. In its memorandum in support of its motion to strike, plaintiff contends that there is no legal requirement that plaintiff establish a pattern of acts to support a CUTPA claim.
The legal sufficiency of the eighth affirmative defense is dependent on facts that are unknown at this stage of the lawsuit. For the reasons applied to the discussion of the sixth affirmative defense, the motion to strike the eighth affirmative defense is also denied.
 VI.
Ninth Special Defense
The plaintiff has moved to strike defendant's ninth special defense which alleges that because the checks paid from plaintiff's account satisfied legitimate and outstanding debts of the plaintiff, these payments are a setoff to plaintiff's damages. In its memorandum in support of its motion to strike, plaintiff contends that Conn. Gen. Stats.42a-4-401(1) precludes that special defense.
Conn. Gen. Stats. 42a-4-401(1) provides that
 As against its customer, a bank may charge against his account any item which is otherwise properly payable from that account even though the charge creates an overdraft.
Plaintiff argues that because the checks were not properly payable, it is no defense that they satisfied legitimate debts of plaintiff. Again, whether Conn. Gen. Stats. 42a-4-401(1) precludes the ninth affirmative defense is dependent on facts that are unknown at this stage of the lawsuit. For the reasons applied to the discussion of the CT Page 1279 sixth affirmative defense, it is also held that the motion to strike the ninth special defense is denied.
CONCLUSION
Accordingly, the plaintiff's motion to strike defendant's first, sixth, eighth and ninth special defenses are hereby denied.
STENGEL, J.